IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 96-40759

Summary Calendar

———————————

JOHN W. WINSLOW,

Plaintiff-Appellant,

versus

C. T. O'REILLY; J. M. STENNER; A. HART,

Defendants-Appellees.

———————————

Appeal from the United States District Court
For the Southern District of Texas
(G-94-CV-502)

———————————

May 22, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff John Winslow appeals the dismissal of his 42 U.S.C. § 1983 suit as frivolous. See 28 U.S.C. § 1915(d). Winslow contends that the defendants were deliberately indifferent to his serious medical needs when he was reassigned to work in the garden squad despite his medical limitations. Our review of the record reveals that Winslow has failed to state a claim upon which relief can be granted. A prison official acts with deliberate

———————————

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

indifference sufficient to support a § 1983 claim "only if he knows that inmates face a substantial risk of serious harm and . . . disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825 (1994). Neither defendant Hart nor Stenner were personally involved in Winslow's reassignment. Winslow's claims against them fail because personal involvement is an essential element of a § 1983 claim. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983). Moreover, Winslow has presented no evidence to indicate that his medical requests were ever refused. In fact, the clinic reports show that he requested and received medical attention three times in two months. Moreover, Winslow's relatively brief stint in the garden squad and his frequent visits to the infirmary indicate that defendants took reasonable medical measures. At most, Winslow has stated a case that his reassignment was negligent, a claim that will not support relief under § 1983.

The district court's dismissal is AFFIRMED.